IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-43541-TJM |
| BRADLEY ALAN BAEHR & ) | A12-4023-TJM |
| KELLY LYNN BAEHR, ) | |
| ) | |
| Debtor(s). ) | CHAPTER 13 |
| BRADLEY ALAN BAEHR & ) | |
| KELLY LYNN BAEHR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| BANK OF THE WEST, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff-debtors' motion to reconsider (Fil. No. 10). No resistance was filed. Dennis Fricks represents the debtors. No appearance was made for the defendant.

The court previously denied the debtors' motion for summary judgment because there was no evidence that the second lien was wholly unsecured. See the Order of June 6, 2012 (Fil. No. 8). The holder of the first lien on the debtors' residence has now filed a proof of claim, demonstrating that it is under-secured and the junior lien is completely unsecured. Accordingly, the motion to reconsider is granted and the motion for summary judgment is granted.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property. There are two consensual liens on the debtors' home. The first is held by CitiMortgage, Inc., who received the assignment of the underlying note from Lincoln Federal Savings Bank of Nebraska via Principal Residential Mortgage, Inc., and Mortgage Electronic Registration Systems, Inc. CitiMortgage's claim is in the amount of $284,015.62, secured by a deed of trust recorded on August 28, 2002. Bank of the West holds the second lien, in the amount of $10,309.96, secured by a deed of trust recorded on October 28, 2002. The debtors value the property at no more than $250,000, based on the Gage County Assessor's 2011 valuation of $245,335. Accordingly, the debtors assert that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of approximately five acres of real property legally described as:

A tract of land located in part of the Southeast Quarter of the Southeast Quarter of Section 6, Township 6 North, Range 7 East of the 6th P.M., Gage County, Nebraska, and more particularly described as follows:

For the purpose of this legal description, the basis of bearings is the South line of the Southeast Quarter of said Section 6, having an assumed reference bearing of S 88°24'58" W.

Beginning at the Southeast corner of said Section 6, thence westerly S 88°24'58" W, on the South line of the Southeast Quarter of Section 6, 360.00 feet; thence northerly N 00°00'00" W, 442.00 feet; thence Northeasterly N 46°58'05" E, to a point of intersection with the East line of the Southeast Quarter 492.30 feet; thence Southerly S 00°00'00" E, on the East line of the Southeast Quarter 768.00 feet, to the true point of beginning.

The property has the address of 3546 East Apple Road, Cortland, Nebraska, 68331.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. CitiMortgage, Inc., holds the first deed of trust against the real property in the approximate amount of $284,015.62.

5. Bank of the West holds the second deed of trust against the property in the approximate amount of $10,309.96.

6. Based upon the 2011 valuation by the Gage County Assessor, the taxable value of the personal residence in question is $245,335.00.

7. Upon information and belief, the junior lien is wholly unsecured.

8. The plaintiffs filed this adversary complaint on March 14, 2012.

9. The summons and complaint were served on March 19, 2012, at the defendant's headquarters.

10. The time for filing an answer or other response expired on April 13, 2012.

11. No answer or other response has been filed or served by the defendant.

12. The defendant is not an infant or incompetent person as set out in Federal Rule of Bankruptcy Procedure 7055(b)(2), and is not in the military service.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. Fisette v. Keller (In re Fisette), 455 B.R. 177 (B.A.P. 8th Cir. 2011).

The analysis was explained in Fisette:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

Fisette, 455 B.R. at 183-184 (quoting Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663, 669 (6th Cir. 2002)).

In the present case, there is no dispute that the junior lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary

judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by Bank of the West for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtors' motion to reconsider (Fil. No. 10) is granted. The plaintiff-debtors' motion for summary judgment (Fil. No. 6) is granted. Separate judgment will be entered.

DATED:     July 12, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Dennis Fricks
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.